BISHOP C. PERKINS, Appellant, *v.* LEVIS W. MINFORD and Others, Copartners, Doing Business under the Firm Name and Style of MINFORD, LUEDER & COMPANY, Respondents.

First Department, July 14, 1922.

Sales — action by buyer to recover damages for failure to deliver part of sugar purchased — contract provided that net landed weight at point of destination should control and that buyer was to furnish steamer — seller, at buyer's request, secured steamer that did not arrive as soon as steamer on regular line — measure of damages is difference in contract price and market price on date of arrival and not on date when sugar would have reached destination by other line.

In an action to recover damages for failure to deliver sugar it appeared that, by the terms of a contract, the net landed weight was to be determined at the port of discharge; that the buyer was to furnish the steamer on which the sugar

was to be shipped; that at the request of the buyer the seller procured a steamer belonging to a line which was not regularly used between the point of shipment and the point of destination and that said steamer arrived at the port of destination several weeks later than a steamer belonging to the regular line would have arrived.

*Held*, that the measure of damages is the difference between the market price and the contract price on the day that the sugar arrived and not on the day that the sugar would have arrived if it had been shipped on the regular line.

CLARKE, P. J., dissents.

APPEAL by the plaintiff, Bishop C. Perkins, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 30th day of November, 1921, upon the verdict of a jury rendered by direction of the court.

*Carter, Ledyard & Milburn* [*E. DeT. Bechtel* of counsel; *A. D. Smith* with him on the brief], for the appellant.

*Feiner & Maass* [*Ira Skutch* of counsel; *Benjamin F. Feiner* with him on the brief], for the respondents.

SMITH, J.:

The plaintiff by this appeal complains simply of the insufficiency of the judgment, claiming that the date upon which the court computed the damages was not the proper date. The plaintiff purchased of the defendants 10,000 bags of sugar, which were to be shipped from Cuba to New Orleans. According to the original contract in March, 1920, the plaintiff was to furnish the steamer. The Ward Line usually furnishes the steamers for transportation of freight between Cuba and New Orleans. The plaintiff was dissatisfied with the service that had been theretofore obtained from the Ward Line and asked the defendants if it were possible to get a steamer from some other line to carry the freight. To this the defendants assented and procured a charter party of the steamer *Tuscan* of the Munson Steamship Line on March 19, 1920. This steamer did not report in Cuba until the 12th of April, 1920. It sailed from Cuba upon the twenty-first of April and reached New Orleans upon the twenty-seventh of April. It was provided in the contract that the net landed weight should be determined at the port of discharge, to wit, New Orleans. When the steamer did arrive, it was found that there was a shortage in the sugar to the extent of 223,024 pounds. The defendants have consented to a judgment to the amount of $14,052.56, which represents the difference between the market value of the sugar upon the thirty-first day of March and the contract price. The plaintiff claims, however, that inasmuch as the shortage could not have been discovered and was not discovered until the arrival in New Orleans

upon the twenty-seventh day of April, he is entitled to the difference between the market value of the sugar and the price agreed to be paid therefor upon the said twenty-seventh day of April, which would amount to $25,368.98.

It is contended on behalf of the defendants that because the sugar could have been shipped by a steamer of the Ward Line in time to have reached New Orleans upon the thirty-first day of March, when, under the contract as originally made, the defendants were bound to deliver the same, and that inasmuch as the delay was caused at the request of the plaintiff, the defendants cannot be charged with a greater measure of damages than that to which they would be liable if the sugar had been shipped upon the Ward Line and had reached New Orleans and the shortage there discovered upon the thirty-first day of March.

In the complaint it is alleged that the defendants chartered this steamer, the *Tuscan*, and that upon March 19, 1920, the defendants notified the plaintiff that they had provided the vessel *Tuscan* and arranged for the transportation of said sugar from Cuba on or about March 25, 1920. Under this allegation, showing the assent of the defendants to the shipment upon this steamer, and the assent of the plaintiff thereto, any delay caused by reason of the failure of the steamer to reach the port of shipment and take the cargo would be a delay chargeable to both parties, and it is clear that if the market value of the sugar had depreciated during the time of the delay, the defendants would have had the benefit of such depreciation of market value, and should likewise be charged with the appreciation in the market value which did in fact take place between March thirty-first and April twenty-seventh, when, in fact, the sugar did arrive, and at which time only was it possible to ascertain that there was an actual shortage. This shortage was the fault of the defendants, not the fault of the plaintiff, and if the plaintiff is entitled to damages for the amount of damage that he suffered by reason of this shortage, the defendants cannot complain if the damages were greater by reason of such appreciation of market value during the time of the delay. The plaintiff is entitled to the sugar contracted for, and if compelled to buy it in the open market in order to make good the shortage, such purchase could only be made after the shortage was actually ascertained upon the delayed date of April twenty-seventh. I can see no reason for varying the rule of damage as of the date of delivery, by reason of the fact that the plaintiff asked for another steamer, which was assented to by the defendants in the procurement by the defendants themselves of the steamer.

15

It is contended that the plaintiff should have alleged an alteration in the contract. But if there was an alteration in the contract, that alteration is shown by the complaint itself, when it is alleged that the steamer was procured by the defendants, even though at the request of the plaintiff. If the contract had originally provided that the shipment was to be in March upon the steamer *Tuscan,* which was expected to arrive at the port of shipment on the twenty-fifth of March and the plaintiff had suffered greater damage by reason of the delay in the arrival of the steamer, and such damage had been suffered by the default of the defendants in failing to ship the amount of sugar required, I think the plaintiff has established his right to recover for such increased damage.

I think the judgment should have been directed for the amount demanded in the complaint, which amount is not in question, if the date upon which the damages are to be estimated be the date of actual delivery. The judgment should be so modified, with costs to appellant.

LAUGHLIN, PAGE and GREENBAUM, JJ., concur; CLARKE, P. J., dissents.

Judgment modified as directed in opinion and as modified affirmed, with costs to appellant.